IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALL MUSLIM ASSOCIATION OF AMERICA, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> STAFFORD COUNTY, VIRGINIA, et al., <br><br> **Defendants.** | CASE NO.:  1:20-cv-638 (LMB/JFA) |
| UNITED STATES OF AMERICA, <br><br> **Plaintiff,** <br><br> v. <br><br> STAFFORD COUNTY, VIRGINIA <br><br> **Defendant.** | CASE NO.:  1:20-cv-693 (LMB/JFA) |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT**

In accordance with Federal Rules of Civil Procedure 15(a)(2) and 15(d), and the Court's July 29, 2020 Rule 16(b) Scheduling Order, Plaintiff United States, by its attorneys, submits this memorandum in support of its Motion for Leave to Amend and Supplement Its Complaint.

I. **Introduction**

The United States moves to amend and supplement its Complaint based on the County's recent revisions to its zoning ordinance pertaining to cemeteries.  Consistent with this Court's Rule 16(b) Scheduling Order of July 29, 2020, the United States has moved to amend and supplement "as soon as possible" upon "becom[ing] aware of the grounds for the motion."  *See*

ECF 30 at 3. As set forth below, the United States satisfies the liberal standards under Rules 15(a)(2) and 15(d) for granting leave to amend and supplement the complaint. There is no delay, prejudice, bad faith, or futility to the request to amend and supplement the complaint. Accordingly, this motion should be granted.

## II.     Factual and Procedural History

On June 19, 2020, the United States, filed this lawsuit against Stafford County ("County") under the Religious Land Use and Institutionalized Persons Act ("RLUIPA), 42 U.S.C. § 20000cc. The Complaint alleges that the County violated RLUIPA when, in 2016, it amended its cemetery ordinance and enacted the 2016 Cemetery Ordinance to prevent the All Muslim Association of America ("AMAA") from developing a religious cemetery on property it owned in Stafford County ("Garrisonville Property") and causing a substantial burden on the AMAA's religious rights. On July 15, 2020, the County moved to dismiss this case, and the United States filed its opposition on August 10.

On August 14, 2020, in accordance with the Court's Scheduling Order, the Parties exchanged initial disclosures, including documents and witness lists. A hearing on the County's motion to dismiss is scheduled for September 15, 2020. On August 18, 2020, the County amended its cemetery ordinance again (hereinafter the "2020 Cemetery Ordinance").[1]

---

[1] Notably, the 2020 Cemetery Ordinance is substantially different than the Ordinance contemplated by the County in March 2020, which it attached to its Motion to Dismiss. *Compare* ECF No. 32-1 (approved 2020 Cemetery Ordinance) and ECF No. 20-1 at 18-22 (version of cemetery ordinance submitted to Court by County in its Motion to Dismiss).

### III. Amendments to the Complaint

The Proposed Amended Complaint, set forth in Exhibit 1, alleges that the 2020 Cemetery Ordinance continues to impose a substantial burden on the AMAA by violating the AMAA's reasonable expectation of developing an Islamic cemetery for burial in conformity with Islamic burial practices and beliefs.[2] The 2020 Cemetery Ordinance—like the 2016 Cemetery Ordinance—continues to make development of a cemetery on the vast majority of the Garrisonville Property a discretionary use, subject to approval by the Planning Commission and Board of Supervisors, and continues to apply unjustifiable and burdensome separation requirements on the AMAA. These arduous requirements did not exist under the cemetery ordinance in place when the AMAA purchased the Garrisonville Property. Like the 2016 Cemetery Ordinance, the enactment of the 2020 Cemetery Ordinance prevents the AMAA from fulfilling its religious mission to provide burials to the Islamic community in accordance with Islamic burial practices. The County's enactment of the 2020 Cemetery Ordinance necessitates changes to the Complaint to reflect the continuing nature of the County's RLUIPA violation of the AMAA's religious rights and the continuing need for appropriate relief.

### IV. Argument: Granting Leave to Amend is Proper Under Rules 15(a)(2) and 15(d)

#### A. The Legal Standards under Rule 15(a)(2) and 15(d)

As set forth below, the United States satisfies the requirements for granting its Motion for Leave to Amend and Supplement. Fed. R. Civ. P. 15(a)(2) states, in part: "The court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

---

[2] A redlined version of the Proposed Amended Complaint is attached as Exhibit 2.

Motions to amend are "typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. *See Conley v. Gibson,* 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

"Rule 15(d) provides that upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Rowe v. U. S. Fid. & Guar. Co.*, 421 F.2d 937, 942 (4th Cir. 1970) (citing Fed. R. Civ. P § 15(d)). "[A] supplemental complaint should be allowed in aid of economy and the speedy disposition of the controversy, if defendant is not prejudiced." *Id*. at 943. "[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where good reason exists . . . such as prejudice to the defendants." *Franks v. Ross*, 313 F.3d 184, 198, n.15 (4th Cir. 2002) (internal quotations and citations omitted).

### B. The Standards Under Rules 15(a)(2) and 15(d) are Met Because There is No Delay, Prejudice, Bad Faith, or Futility

The standards under Rules 15(a)(2) and 15(d) are met here. First, this situation—where the County amended its zoning ordinance *after* the filing of the Complaint—is precisely what supplementing a complaint under Rule 15(d) was meant to cover. *See* Fed. R. Civ. P. § 15(d);

4

*see also Frank*, 313 F.3d at 198 (grating leave to supplement complaint under Rule 15(d) and holding that "various courts have concluded that requiring [a] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules.") (citations omitted).

Second, there was no delay in moving to amend the United States' Complaint. The United States has moved promptly, within only three weeks of when the County enacted the 2020 Cemetery Ordinance. *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (finding no excessive delay when leave to amend sought within three months of learning facts giving rise to amendment). As noted above, the 2020 Cemetery Ordinance differed significantly from the draft cemetery ordinance that the County appended to its July 15 Motion to Dismiss.

Third, there is no prejudice to the County. The proposed amendments allege that the 2020 Cemetery Ordinance continues to impose a substantial burden on the AMAA. The facts regarding the 2020 Cemetery Ordinance are in the possession of the County. The County—and particularly the Planning Commission and Board of Supervisors—has known about the specifics of the revised cemetery ordinance for longer than the United States and the AMAA. Discovery is in its beginning stages, and so the amendments do not prejudice the County's defenses. *See Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). The County cannot claim to be surprised that the United States is seeking leave to amend its

Complaint following the enactment of the 2020 Cemetery Ordinance, which the County enacted *after* the United States responded to the County's Motion to Dismiss.

Fourth, there is no bad faith on the part of the United States, and the County can point to none. The proposed amendments are in response to the County's enactment of the 2020 Cemetery Ordinance, which continues to impose a substantial burden on the religious rights of the AMAA, in violation of RLUIPA.

Finally, the amendments are not futile. Indeed, the Amended Complaint moots the County's Motion to Dismiss, in which the County argued the enactment of the 2020 Cemetery Ordinance had mooted the United States' claim. ECF No. 32 at 7-10. *See, e.g., S. Power Co. v. Cleveland Cty.,* No. 1:20 CV 13 MR WCM, 2020 WL 4227471, at *4 (W.D.N.C. July 23, 2020) ("[A]s the Motion for Leave to Amend is being granted, the County's Motion to Dismiss is moot."); *Branch Banking & Tr. Co. v. Meridian Holding Co., LLC*, Case No. 3:18-0486, 2019 WL 454602, at *2 (S.D. W.Va. Feb. 5, 2019) (denying a motion to dismiss as moot when amendments went "to the heart of the alleged legal deficiencie*s*"); *Davis v. 7-Eleven Inc.*, No. 4:17CV81, 2018 WL 10601872, at *2 (E.D. Va. Aug. 1, 2018) ("Because the Court hereby grants Plaintiff leave to file a Second Amended Complaint, Defendant's Motion to Dismiss Amended Complaint . . . is DISMISSED as moot.").[3]

The County has no meritorious procedural contentions that it can raise regarding the 2020 Cemetery Ordinance. Because the 2020 Cemetery Ordinance continues to impose a substantial

---

[3] Because granting the United States' Motion to Amend would moot the County's Motion to Dismiss and thus conserve the Court and the parties' resources, the United States anticipates moving to reschedule the September 15, 2020 hearing on the County's Motions to Dismiss to the same date that the Court hears this Motion for Leave to Amend and Supplement.

burden on the AMAA—like the 2016 Cemetery Ordinance—the United States' RLUIPA claim is not moot. *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) ("Where a new statute 'is sufficiently similar to the repealed [statute] that it is permissible to say that the challenged conduct continues,' the controversy is not mooted by the change, and a federal court continues to have jurisdiction.") (quoting *Northeastern Fla. Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 662 & n. 3 (1993)).

In addition, for all the same reasons that the United States set forth in its opposition to the County's Motion to Dismiss, *see* ECF 31, which is incorporated by reference, the United States' claims are ripe, redressable, and the United States has standing to bring them.  Indeed, the 2020 Cemetery Ordinance does not remedy the underlying RLUIPA violations; it merely continues the substantial burden on the AMAA that the County began by enacting the 2016 Cemetery Ordinance, eviscerating the AMAA's reasonable expectation to develop a religious cemetery on the Garrisonville Property.  Nothing short of restoring the AMAA to the position it was in before the 2016 and 2020 Cemetery Ordinances were passed and permitting the AMAA to develop its proposed cemetery on the Garrisonville Property will undo the substantial burden that the County has imposed on it.

## V.    Conclusion

For the reasons set forth above, the United States requests that the Court grant its Motion for Leave to Amend and Supplement Its Complaint.

Dated: September 8, 2020 　　　　　　　　　　Respectfully submitted,

G. ZACHARY TERWILLIGER  
United States Attorney  
Eastern District of Virginia

s/ *Steven Gordon*  
STEVEN GORDON  
Assistant United States Attorney  
Eastern District of Virginia  
2100 Jamieson Avenue  
Alexandria, Virginia 22314  
Email: Steve.Gordon@usdoj.gov  
Tel: (703) 299-3817

ERIC S. DREIBAND  
Assistant Attorney General  
Civil Rights Division

s/ *Noah Sacks*  
SAMEENA SHINA MAJEED  
Chief  
MICHAEL S. MAURER  
Deputy Chief  
BETH PEPPER  
NOAH D. SACKS  
Trial Attorneys  
Housing and Civil Enforcement Section  
Civil Rights Division  
U.S. Department of Justice  
150 M. Street, N.E. 8th Floor  
Washington, D.C. 20530  
Phone: (202) 305-0916  
Beth.Pepper@usdoj.gov